2008 APR 15 AM 11: 01
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHIEF THUNDERCLOUD WAY, | ) | CASE NO. 3:08 CV 0059 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND | ) | |
| CORRECTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 9, 2008, pro se plaintiff Chief Thundercloud Way filed the above-captioned action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Corrections ("ODRC"), the Ohio Adult Parole Authority ("OAPA"), the Ohio Bureau of Sentence Computation, ODRC Chief Counsel Gregory Trout, ODRC Assistant Chief Counsel T. Austin Stout, and Ohio Bureau of Sentence Computation Chief Mickie Rigsby. In the complaint, plaintiff alleges that the defendants originally miscalculated his sentence and misinformed him of the date he would be eligible for parole. He seeks a parole hearing in accordance with this miscalculation, and immediate release on parole from prison.

## Background

Mr. Way was the subject of a 22 count indictment in Hamilton County, Ohio in 1988. See Way v. Ohio Dep't of Rehabilitation and Correction, No. 06AP-657, 2007 WL 155296 (slip op)(Ohio App. 10 Dist. Jan. 23, 2007). Two separate jury trials were held. The first jury trial on May 24, 1988 resulted in a guilty verdict for the following offenses: (1) Count 18, aggravated robbery with a gun specification for which he was sentenced to three years actual plus fifteen years actual to twenty-five years; (2) Count 19, felonious assault with a gun specification for which he was sentenced to eight to fifteen years; (3) Count 20, aggravated robbery with a gun specification for which he received three years actual plus fifteen years actual to twenty-five years; (4) Count 22, having a weapon under disability for which received a sentence of three to five years. The three-year sentences for the gun specifications in Counts 18 and 20 were ordered to be served consecutively, while the sentenses for the underlying offenses were ordered to be served concurrently. Id. at * 1. The gun specification for Count 19 was merged for sentencing purposes. His total sentence for his first trial was six years plus fifteen years actual to twenty-five years. Id.

The second jury trial took place on July 21, 1988. Id. Mr. Way was convicted of the following offenses: (1) Count 1, aggravated robbery with a gun specification for which he received three years actual plus fifteen years actual to twenty-five years; (2) Counts 2, 3, 4, 7, 9, 13 and 15, theft for which he received a sentence of eighteen months, to be served concurrent with Count 5; (3) Count 5, aggravated robbery with a gun specification for which he received a sentence of three years actual plus fifteen years actual to twenty-five years incarceration: (4) Count 6, aggravated robbery with a gun specification for which he received a sentence of three years actual plus fifteen years actual to twenty-five years: (5) Count 8 aggravated robbery with a gun specification for which

he received three years actual plus fifteen years actual plus twenty-five years; (6) Count 12, aggravated robbery with a gun specification for which he received three years actual plus fifteen years actual plus twenty-five years; and (7) Count 14, aggravated robbery with a gun specification for which he received three years actual plus fifteen years actual plus twenty-five years. Id. The remaining counts were entered as nolle prosequis. The sentences on Counts 1,5,6,8,12, and 14 were imposed consecutively to each other and consecutively to the sentences imposed for the first jury trial. Mr. Way's aggregate sentence for the two trials was twenty-four years actual time, plus fifteen years actual to one hundred seventy-five years. Id.

The ODRC, however, made an error in Mr. Way's sentence calculation when he arrived in their custody on August 2, 1988. It appears they considered only the sentences he received at his first trial and as a result, mistakenly advised Mr. Way that he had a significantly reduced aggregate sentence of only six years actual plus fifteen years actual to twenty-five years.

Mr. Way appealed his convictions to the Ohio Fifth District Court of Appeals. The Court concluded that there was insufficient evidence to support the conviction of the gun specification on Count 18, and that three-year sentence was vacated. The remainder the sentence remained unchanged, leaving Mr. Way to serve a new aggregate sentence of twenty-one years actual plus fifteen years actual to twenty-five years.

The ODRC recalculated Mr. Way's sentence in light of the Court of Appeal's decision, but used as a starting point the incorrect calculation made on August 2, 1988. Mr. Way was therefore informed by the ODRC that his new aggregate sentence was three years actual plus fifteen years actual to twenty-five years. Based on this error, Mr. Way was told his first parole hearing would be scheduled for November 2001.

3

ODRC Assistant Chief Counsel T. Austin Stout discovered the calculation error in August 2001, just three months before Mr. Way's anticipated parole hearing was to occur. He informed Chief Counsel Gregory Trout who conveyed the information to Mr. Way and postponed the parole hearing.

Mr. Way then undertook a campaign to have the miscalculation imposed as his sentence. He states he sought relief from the Ohio Public Defender's Office, but they informed him he had no grounds for redress. He complained to the ODRC, the OAPA, the Bureau of Sentence Computation, and the Warden at the Lima Correctional Institution, all to no avail. He "served a hand-delivered notarized complaint upon the Ohio Highway patrol's post/office...[in] Allen and Handcock Counties." (Compl. at 2-A.) He did not obtain the relief he requested. He claims he "undertook a two and [a] half year writing campaign to many and various legal departments around and through-out the State of Ohio expressing plaintiff's circumstances of being under continuing judicial and unconstitutional duress from the actions of those named-mentioned defendants." (Compl. at 2-A). Again, he failed to obtain the desired resolution.

Finally, after four years, Mr. Way filed an action in the Franklin County Court of Common Pleas on June 23, 2005 seeking a declaratory judgment that the ODRC, the OAPA, Mr. Trout, and Mr. Stout unlawfully altered or amended the sentences originally imposed by the Hamilton County Court of Common Pleas. Id. at *2. The trial court granted the defendants' Motion for Summary Judgment on January 12, 2006. Id. Mr. Way appealed that decision to the Ohio Tenth District Court of Appeals, claiming again that his sentences were unlawfully altered, that he was denied judicial notice, that there were irregularities in the proceedings, and that the ODRC's corrections amounted to a sham legal process. Id. Finding that "[t]he declaratory judgment [Mr.

Way] seeks would require the appellees to continue incorrectly calculating [Way's] date of eligibility for parole, and would therefore confer upon him a right he does not have, i.e., the right to a parole hearing on a date earlier than that called for by application of the sentence actually imposed on him by the trial court," the Court of Appeals affirmed the trial court's decision. Id. at *3. Mr. Way alleges that he appealed that decision to the Ohio Supreme Court. His appeal was denied on May 16, 2007.

Mr. Way now files the within action in this Court under 42 U.S.C. § 1983 seeking an order to enforce the ODRC's error as his sentence, grant him a parole hearing, and immediately release him from prison. He again asserts that he was subjected to a sham legal process. He also claims that the defendants tampered with his records by correcting the mistake, committed fraud upon the court, engaged in a civil conspiracy, and violated ethical cannons.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

5

dismissed pursuant to section 1915(e).

Mr. Way cannot proceed with this action under 42 U.S.C. § 1983. As an initial matter, it is untimely. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). Mr. Way was aware of the error and its correction in August 2001. This action was filed on January 9, 2008, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County. No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

Even if his complaint was filed within the applicable statute of limitations period, it would be barred by the doctrine of res judicata. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. National Amusement, Inc. v. Springdale, 53 Ohio St. 3d 60, 62 (1990). The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. Id. Mr. Way chose to present his claims to the Ohio courts in the form of an action for declaratory judgment. The Franklin County Court of Common Pleas, the Ohio Tenth District Court of Appeals, and the Ohio Supreme Court have all determined that Mr. Way has no legal right to the shortened sentence derived by the ODRC's miscalculation. This court is bound to give full faith and credit to the decisions of those Ohio courts.

6

Finally, Mr. Way cannot obtain the relief he is seeking through a § 1983 action. He requests immediate release from prison. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a) provides, in pertinent part:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.